Mignon Reinecke v. Commissioner.
Reinecke v. Commissioner
Docket No. 33433.
United States Tax Court
1953 Tax Ct. Memo LEXIS 39; 12 T.C.M. (CCH) 1370; T.C.M. (RIA) 53382; December 4, 1953
*39 Henry C. Lowenhaupt, Esq., 408 Olive Street, St. Louis, Mo., for the petitioner. Ray H. Garrison, Esq., for the respondent OPPER
Supplemental Opinion OPPER, Judge: Aside from petitioner's failure in her motion for a further hearing to show that evidence now claimed to be newly discovered could not have been found sooner by the exercise of reasonable diligence, [1] one of the other requisites of a successful application for a new or further trial because of newly discovered evidence is that the new evidence should be adequate to produce a change in the result. ; ; . That is absent here. The very document proffered as the proposed evidence shows that if the policy was withdrawn by the transferor it was for the sole purpose of changing the beneficiary - an objective at war with petitioner's contention that a full assignment was made to her at that time. The ultimate conclusion that the policy was assigned to petitioner in 1950 and not in 1948 would accordingly stand *40 in any event. The motion is to that extent denied. It may be added that petitioner's other suggestion regarding the consideration assertedly given for the assignment likewise seems to us without foundation. Petitioner's claim throughout has been that a full assignment was made to her in 1948. Since we have determined that this transfer took place not in 1948 but in 1950, when petitioner was already married, her prior marriage to the transferor, as the original opinion concluded, could have been no more at that time than a past consideration and wholly inadequate to prevent the transfer from being gratuitous. There is no credible or convincing evidence of any prior promise to assign the annuity contract to petitioner. Petitioner's testimony was that the policy was actually assigned in 1948, a conclusion of fact we have been unable to sustain. The motion is being denied in all respects. Footnotes
1. ; ; Lindhorst v. Curtis Manufacturing Co. (Mo. App.) .↩